**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA IDALIA TOBAR-DE LINARES; STEPHANIE SARAI LINARES-TOBAR, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-72667 <br><br> Agency Nos.  A201-920-817 <br> A201-920-818 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2023**
San Francisco, California

Before:  WALLACE, S.R. THOMAS, and FORREST, Circuit Judges.

---

  \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rosa Idalia Tobar-De Linares,[1] a native and citizen of El Salvador, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing her appeal from an Immigration Judge's ("IJ") denials of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. Where, as here, "the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action." *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (per curiam) (citation omitted).

We review for substantial evidence the agency's denials of asylum, withholding of removal, and CAT relief, *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019), affirming "unless any reasonable adjudicator would be compelled to conclude to the contrary," *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We deny the petition for review.

I

_____

[1] Tobar-De Linares is the mother of Stephanie Sarai Linares-Tobar, who was a minor at the time of the underlying removal proceedings in this case, and therefore is listed only as a derivative beneficiary of Tobar-De Linares's asylum request.

2

Substantial evidence supports the agency's conclusion that Tobar-De Linares did not establish the required nexus for asylum or withholding of removal. To meet the nexus requirement, a noncitizen must show that her protected ground was "a reason" (withholding of removal) or "one central reason" (asylum) that she has been or will be harmed. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–58 (9th Cir. 2017) (citing 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), (C)).

Here, however, substantial evidence supports the IJ's conclusion that the gang members who targeted Tobar-De Linares did so in furtherance of a criminal enterprise. The record does not compel the conclusion that any protected ground was "a reason" or "one central reason" that the gang members targeted her. *See id.*

II

Because Tobar-De Linares did not raise her CAT-protection claim before the BIA or in her opening brief, we decline to consider it and deny this portion of the petition. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (declining to consider a claim that the petitioner failed to exhaust before the BIA); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 959 (9th Cir. 2021) (deeming an argument not developed in an opening brief forfeited).

**DENIED.**